FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 OCT 16 AM 9:52
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA    *
                            *
      v.                    *     CR 106-031
                            *
HUBERT ARTIS, JR.           *
```

O R D E R

On December 8, 2006, Defendant Hubert Artis, Jr., was found guilty by a jury for drug-related offenses and thereafter sentenced to serve life imprisonment. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence in 2008. Defendant's habeas corpus petition under 28 U.S.C. § 2255 was denied on October 6, 2009.

Nearly a decade later, Defendant has filed a "Motion Requesting Trial Transcript, Sentencing Transcript, Indictment, and Criminal Docket Sheet." (Doc. No. 209.) He claims that he needs the material "due to new rulings by the U.S. Supreme Court." (Id.)

An indigent defendant does not have an absolute constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where

the transcript is valuable to the defense and no functional alternatives exist."); see also United States v. MacCollom, 426 U.S. 317 (1976). Rather, to obtain a free transcript a defendant must show that the transcript is necessary to decide an issue presented by suit or appeal. See 28 U.S.C. § 753(f) (A defendant may receive a free transcript only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."); see also United States v. Mitchell, 2008 WL 824226 (M.D. Fla. Mar. 26, 2008) (stating that a criminal defendant is "not statutorily authorized, as a matter of course, to receive a copy of . . . documents free of charge post-appeal"). A defendant does not have the right to a free transcript simply to search for possible error. Colbert v. Beto, 439 F.2d 1130 (5th Cir. 1971).[2]

Here, Defendant does not have a pending collateral proceeding and thus, he is not eligible for a free transcript. Moreover, Defendant provides no *specific* reason for obtaining the transcript or any other document. Accordingly, his motion to receive a copy of transcripts and other material (doc. no. 209) is **DENIED**.

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Further, Defendant's motion mentions that he wishes to proceed in forma pauperis. Because Defendant has no pending suit, action, or proceeding, this request is moot.

Finally, the Court is constrained to note that to the extent Defendant is preparing to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, he must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3).

**ORDER ENTERED** at Augusta, Georgia, this 15th day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE